Good evening, the Honorable John Turner presiding. Thank you, Mr. Clerk. Good afternoon, everyone. Please be seated. This is Carle v. Cunningham at Owl. That's 4140795 and that is also consolidated with 4140845. Looks like we've got lots of lawyers here. Well, I'll tell you what, I'm having a hard time discerning what I have in front of me as far as the breakdown. Why don't everybody please identify yourselves, who you're here for, and then one of you will need to explain how your time is split up as far as argument. Okay, I see that now on my note. It's coming here, but go ahead. We'll keep going with this. All right. I see now that the clerk did an excellent job. Actually, it was all written down here. It just went over my head. And you must be Mr. Fong. Okay. Excellent. Okay, I think that clears all of that up. Mr. Elitz. Thank you, gentlemen. Good morning, Your Honors. May it please the Court. Assistant Attorney General Carl Elitz for the Department of Revenue. The county defendants in this case drafted a brief and filed it. We reviewed it. It seemed to nicely describe what we think is the correct outcome in this case, and so I adopted the county brief as my own. The county has graciously agreed to let me present oral argument. There's some points I'd like to make on behalf of the Department of Revenue, if I could, just out of the gate for fear of not getting to them. But even before that, I want to just reference the fact that I'll be standing on my brief with regard to the jurisdictional question, unless the Court wants to address the jurisdiction. I have questions on the jurisdictional issue. It seemed to me the trial court and counsel were concerned about the jurisdictional issue with regard to a 304A appeal at the time all of this was taking place. That's correct. We have on appeal, then, this one ruling, and there are several other counts still below? Many counts, yes, Your Honor. Why? This case has been going on for eight years. Why didn't everything get resolved below so there wouldn't be any jurisdictional issue? Well, the first time we were here, six years ago, five years ago, the remand was with the expectation that under Section 1565, the remand was pursuant to Section 1565 to decide whether or not the hospital is entitled to an exemption. Since then, the General Assembly changed the law, and the plaintiff replet his complaint. Now we're on the Fourth Amendment complaint, arguing that the remand should also include determination of whether the hospital is exempt under 1586. Okay, so why wasn't all this resolved at the trial level before it comes up here? The Fourth Amendment complaint was pleaded in such a way as to put the question of whether the new statutory section could be used as its own count. And then the trial court decided that count, and then the question was whether there could be appeal or not, and discussions were whether that could come up under 308 or 304A. We were very much against a 308 appeal. We had done that before and it didn't lead to the conclusion of the case. We really thought there should be a final judgment. The court offered 304A, we accepted 304A, or we didn't raise any red flags, or we suggested that would be appropriate. Well, why is it that the other counts weren't addressed so we have a final judgment across the board? I think that was a decision the plaintiff made. He wanted to figure out whether there was an ability to bring that under the new statute, and he wanted to bring that appeal. So how would resolving all the other counts be inconsistent with the goals that the plaintiff you just described? I don't want to speak for him, Your Honor. I think this was the preferred way that the plaintiff wanted to do it. Did someone say this might be an unnecessary 304A problem? I think if the trial court had rendered a judgment on even one of the tax years, we would have a final judgment, then at least we'd be able to talk about whether the hospital is entitled to an exemption or not. But because of the way the court resolved that question, regrettably, I have to take the position that I don't think we've got a final appeal here, a final claim. So I understood you said when the court entered the 304A finding, you did not object to that. We said we were opposed to 308. Opposed to 308 or 304? 308. It was a question of how it was going to come up under 308 or 304A, and we would prefer 304A, and that's true. And that's the position you took at the trial level, but today, in your brief, you have argued that this court does not have jurisdiction because the 304A finding was inappropriate. That's right. There's 50 pages of a decision there. I believe when I looked at it, that it was appealable under 304A. I filed a notice of appeal under 304A. I still had to file that appeal, I think, because the judge made the 304A finding. If we didn't bring the appeal, it would have been law of the case. 50 pages of that discussion, 49 of them I disagree with. So we needed to file this appeal. I just had to do it. And as I said, it's regrettable that I brought the case up to the court and now have to argue that my own appeal doesn't have jurisdiction, but I think I have a duty to tell the court the truth. Well, as you know, counsel, there's no fudge factor for this court dealing with jurisdictional questions. The Supreme Court insists that we apply it strictly, and if it's our judgment for however technical the reasons may be that we don't have jurisdiction, we can't hear this case. We have to dismiss the appeal. If that were to happen, then what? What happens if it goes back, simply on a dismissed appeal for lack of jurisdiction? Hopefully the court would point out the defects and the trial court would fix it. The defects in our jurisdictional... No, he'd enter a judgment on one of the tax claims at least. You mean the court would... The trial court on remand would say, this can't be appealed, I have to deal with the other 35 for whatever counts there are. Of course, he's now gone, so we have to bring some other judge up to speed after eight years or whatever it was of Judge Leonard dealing with this stuff. Yes, Your Honor. Why don't we have jurisdiction under the authority in remarriage of best? That's the case that my opponent cites. I think actually best is authority for my side, Your Honor. In best, there was a divorce. There was a claim that a premarital agreement was invalid, and then there were the claims that go along with the divorce. And the court faced the question of whether the premarital agreement, the contract claim essentially, was final or not. The court decided it was final, and the Illinois Supreme Court agreed that it was final. So you had two claims at least in best. One of them was decided. Is this contract a valid contract? And deciding that case was the claim. So when that claim was decided, there was 304A jurisdiction. In this case, we have a split claim, and Judge Leonard said it was a split claim, and I think my opponent will concede it's a split claim, meaning the law is in count two, and the application of the law is in the other counts. And a declaration of what the law is going to be in deciding the rest of the case isn't the resolution of the claim. It's simply saying what the court's going to do when it gets to the claim. Now, he makes an argument about the Declaratory Judgment Act being an exception, but at least I'm putting words in my opponent's mouth. I don't mean to do that. But I think he's going to claim that the Declaratory Judgment Act gives the court authority to get here, but it doesn't because the cases are crystal clear that under the Declaratory Judgment Act, you can't split a claim, law on one side, application of a law on the other. The court didn't do that. I've been reading several over the last few days, and I haven't found anything crystal clear, to be honest with you. My reply brief, Your Honor, and I think it's here somewhere, but I direct the court to my reply brief. It's like two pages, and I cite four or five cases that say exactly that, that under the Declaratory Judgment Act, two or three under the Declaratory Judgment Act. I'm looking at your brief. Most of the cases you cite were either pre-best or were declaratory judgment cases, declaratory action cases. I believe that you argued, is it, Leopondo actually was more applicable as the jurisdiction question? I'm sorry, Your Honor, are you reading from my brief? Am I reading from it right now? No, I'm sorry. I was asking a question. I wasn't sure what case you cited. I pronounce it Leopondo, L-E-O-P-A-N-D-O. That's where Best distinguished it. It was the divorce case, the divorce case where there was no declaratory action. Not coming back to you? No, Your Honor. Okay, it's where custody was granted, and there was an appeal of the custody, and the Supreme Court said that because the case was brought under the Marriage and Disillusion of Marriage Act, that there was no jurisdiction. But that, okay, that must not be your argument. Actually, I'm sure it's cited, and I believe it's cited either in my opening brief or my reply brief, but I don't believe that was a case that I used to distinguish.  Your Honor? Best distinguished. Yes. Okay, now it's come back to me. I think Best distinguishes Leopondo by making it clear that there are two claims, and so one claim is subject to 304A jurisdiction. Leopondo didn't have a claim that was. . . Well, the two claims under Best, one was under the declaratory action. One was whether the premarital agreement was valid or not. Which was the declaratory action, and then there was the non-declaratory relief requested under the Act. Yes. Okay, well, we have a declaratory judgment action here under Count 2, so it seems to me that Best must apply. No, because Best decided the prenuptial agreement, which would resolve some of the claims that were related to it, and the law is that when the declaratory judgment. . . The court's decision on the premarital agreement would then give a basis for the judge to make decisions concerning property disposition, custody, and the like. Isn't that what the Best court said? No, under the Declaratory Judgment Act, the declaratory judgment must essentially resolve the other issues or some other claim, and my distinction here is that this doesn't do that. I think Judge Leonard's decision makes that clear. It doesn't really. . . Well, Judge Leonard says Count 2 regards the declaratory judgment action, and that that will determine the substantive law to be applied to the next 34, 33 counts. Isn't that what Judge Leonard said? He said that, but, Your Honor, it doesn't do that. There's no guidance here as to how the rest of the counts are going to be resolved, and that brings me to the main point I wanted to at least make before my time runs out, which is the Department in this case is in great need of guidance as to how to handle these types of cases, these 1586 exemption claims, and we don't have any guidance yet from the courts. So we're in this position where we're trying to figure out how to process this. Let me ask hopefully an easier question. Mr. Grosser, on behalf of the people he represents, is arguing that this section is unconstitutional because it's in violation of Article 9, Section 6. The appropriate portion of it says, made exempt from taxation, property used exclusively for charitable purposes. Right. And his position is these hospitals fail manifestly to meet that. Is that the Department's position that this statute is unconstitutional for that reason? No, the Department's position, to be crystal clear, is that the statute can be constitutionally read if the court breaks apart, as it should, under the precedent, charitable ownership and charitable use. Charitable ownership is something that the General Assembly is entitled to define and develop, and that's what the statute does. Charitable use is not. The cases do that. Mr. Grosser, I suspect, is going to point you, properly so, to 1586C of the statute that says, the Department shall exempt. Right. And the question becomes, well, that's got to be unconstitutional, and that's his argument. That's unconstitutional because the Department can't exempt without a showing of charitable use, which we know is the cores and factors and all this factual material, which the General Assembly hasn't really gotten into. We explained this distinction again. Charitable use versus what? Charitable ownership. They're two separate concepts. The statutes require both. One is a constitutional requirement. Charitable use is a constitutional requirement. Well, for purposes of determining whether or not this is constitutional, why do we need to look beyond the terms of what the Constitution says? Property used exclusively for charitable purposes. I think that's correct, and we should use that, and I think that should be the test in light after the statutory analysis is applied. After Section 1586 is applied, and after the decision is made as to whether the property meets the test, there's still the cores and factors, which are part of the analysis. That's the constitutional part of the analysis. The statute doesn't really speak to that. That's why I say the Department needs guidance here, because we have a lot of Constitutional – we have Illinois Supreme Court cases that say that the Department or property has to be exempt by looking at certain cores and factors. Your time is up, but I want to ask you a couple other questions here, because I'm struggling to understand all this. Corzine was a plurality decision, wasn't it? No, it was the unanimous decision with regard to charitable ownership. It was a plurality decision with regard to charitable use. Okay. What does Corzine say with regard to the argument – Excuse me, wasn't that Provena that you're talking about? Forgive me. The plurality? I misunderstood your question. That's what I thought your question was. Again, Corzine was a plurality decision? I don't recall. Then what? I don't recall. Okay, well – I thought it was a majority decision. Well, I – there's a lot of – That's why when you said plurality, I thought you meant Provena. Has the Supreme – is Mr. Grosser's argument in your judgment contrary to the last decisions of the Supreme Court of Illinois, which apparently are trying to reconcile some hospital charitable use with the constitutional provision? His arguments are not – please, may I ask you to say it again? Are his arguments contrary to – What the Supreme Court of Illinois has said. I think his arguments are one way to reconcile the statute with the Constitution, which is to say that what the General Assembly has done is unconstitutional. My arguments are that this court should put a judicial gloss on Section 1586 and read it in a way that's consistent with the Constitution, which means the court is going to have to say that a taxpayer must meet the requirements of the statute and then also meet the constitutional tests of Corzine and Provena and Eden. What would be your best guess if we conclude that we don't have jurisdiction to hear this case now and how long it will take before it's next before us? Your Honor, I was wondering that myself. I think everyone should work very hard to get the case decided in some final way so we can bring this case up either on 301 or 304A. Thank you. Thank you, counsel. Thank you very much. Sorry, I had some questions. May it please the court, counsel. Your Honor, to respond to your last question, there's another case pending before this court now raising this issue. There's another case in Champaign County awaiting the outcome of this to raise this issue. There's something before us right now on the same issue? Well, a notice of appeal was filed about two weeks ago. Who are those litigants? Cunningham Township v. Hamer, Director of the Illinois Department of Revenue. Concerning Carroll Hospital? No, concerning Provena Cognate Medical Center, which is, as you know, in Champaign County. Same issues? Well, that's administrative review, so there are other issues, but constitutionality has been raised. But I want to address the constitutional issue. The new statute, 1586, is clear. There's nothing ambiguous about it. You can't interpret the statute into validity. It says what it says. It is beyond the constitutional authority, and, therefore, it is void as a matter of law. What about the charitable property versus charitable use dichotomy that you just heard Mr. Elitz address? Well, he's talking about you've got a couple parts in this statute. So let's ignore the fact that this half is completely unconstitutional and just look at that half. It won't work. It's beyond their authority, whether it's beyond their authority in 10 percent of it or 100 percent of it. It's beyond their authority, and it's void. And this came up most recently, last May, in the pension reform legislation cases, where the Supreme Court talks about sovereignty, which I did also in my brief. This isn't a matter of dispute between the courts and the legislature. The people are the sovereign, and they have put this limitation on the legislature. And while the legislature, I think their position in the pension reform case is where it's really, really important, we can ignore the Constitution. Well, the Supreme Court didn't agree with them. Going on to this, the question may arise, well, there's an attack on retroactivity and its application to Carl. Can't you decide this case on that basis if you decide it's not retroactive? Well, the answer is no, you can't, and the reason is this statute is void. If you rule on some other ground, you've got a void statute out there being applied by the Department of Revenue wreaking havoc on local government because there appeared to be a way to avoid holding it unconstitutional. If I understand your argument correctly, and correct me if I don't, deciding Section 6, you say the General Assembly may exempt from taxation property used exclusively for charitable purposes, period, and the hospitals aren't used exclusively for charitable purposes, that's the end of the case. They don't have to be used exclusively for charitable purposes. Charitable purposes or even primary use is not a requirement under the statute. No, I'm talking about the Constitution. I didn't say the statute. Okay. In your argument that the statute is unconstitutional and that all efforts of this kind are unconstitutional, it seems to me you're arguing a, I wouldn't say a strict construction, just a construction of the language that says it can only be, the General Assembly may exempt from taxation only property used exclusively for charitable purposes, and if hospitals or other property is not used exclusively for charitable purposes because they're earning money from this and they may be a non-profit organization, whatever that means, but they are not a charitable entity, then any statute would be in violation of, purporting to exempt them from taxation, would be in violation of this constitutional provision. Is that your argument? If it exempts them without regard to whether it's a charitable, primarily exclusively charitable organization, if it qualifies under 1565, the longstanding and still in effect charitable exemption, then it would be eligible for exemption under that statute, and the legislature... Why wasn't that statute in violation of the same constitutional provision? Because that statute, under the decision on Corzine and others, they've got to establish the various Corzine factors, got to establish what the Supreme Court says primarily, it's not what the Constitution says, the Supreme Court says what it means is primarily, we don't know exactly what primarily is, but in the Provena case, it was less than 5%. They said, whatever is primarily, it's not that. What... I don't want to get into retroactivity beyond making a quick point. The statute by its terms is not applicable under the retroactivity provision to Carl. Judge Leonard said it was, and what Judge Leonard said essentially, in his seven years or so on the case, was he didn't think the legislature did a very good job, he can improve on it, and that's how he improved on it. What they really meant was this should apply to Carl. Well, that's not what they said. As I said, the statute's clear. Whether it's a good idea or a bad idea is not before us today. But the retroactivity provision itself is irrational, because what it does, it applies to any case where there's still a proceeding pending before the Department of Revenue. If there's a proceeding pending before the Department of Revenue, which in fact is the situation with Provena, with President's Covenant Medical Center it's called now, it's had a number of names, the Department of Revenue can be awarding this tax exemption, the hospital exemption, for tax years preceding when the exemption came into existence. That in itself is irrational. Isn't that what Section 90 says? Pardon me? Isn't that what Section 90 says? Yes, I think that would make, that ought to result in a decision that even the retroactivity provision is unconstitutional. But that's not an issue specifically before you today. My point is you shouldn't decide this case based upon retroactivity and leave constitutionality for another day. The case is here, it's going to be back, you should decide the issue, and there's nothing to interpret that's contrary to the Constitution. Let me ask you this, Mr. Grosser. You heard the discussion with Mr. Elitz about our Jurisdiction 304A issue. Yes. What's your position? Well, in the trial court, I was opposed to a 308. I thought that was inconsistent. 308, did you say? 308. There was a discussion of 308 and 304A. I was opposed to a 308 for various reasons. On a 304A, I took no position. I commented to Judge Leonard that I believe what Mr. Flom wants to do is force us to appeal to get the issue before this court, and I believe under the rule he's perfectly entitled to do that. Nothing slippery about it. It's one of the things you can do. I haven't seen it happen very often in cases, but I think it's a proper thing for him to do. I think, and I don't mean to speak for Mr. Flom, but not too much, I think his idea is get constitutionality before this court. And of course, no matter how you decide, somebody's going to ask the Supreme Court to hear it. Then we'll have the issue of constitutionality resolved. If it's determined somehow that 1586 is constitutional, he can go back in the trial court and dismiss everything else. Do away with all the production of evidence on all those things. You've got a nice, neat case, because he can get everything under 1586 that he could have had under 1565. So in other words, to resolve all of the other pending counts at the trial level would require some substantial evidentiary production? The original part through the third amended complaint, yes, on the counts under 1565. Because you've got issues there such as, is there revenue strictly from charitable sources? Well, our position there is the revenue is 100% from business operations. Of course, they'll disagree with us. That's my position. But going back to the question I asked you, what is your position now concerning the exercise of this court's jurisdiction? Do we have it under 3048? I can't say that I have a stronger opinion now than I did when we were in the trial court. Which was no opinion? That's right. Nonetheless, you just said a few minutes ago, it's here, it should be cited today. So I guess you're saying you think we do have jurisdiction under 304A. I would prefer to see you conclude that you have jurisdiction under 304A. I've looked at lots of cases under 304A that didn't really help me resolve them. You agree with me that it's not crystal clear? Not crystal clear, yes. Okay, thank you. Maybe you're out of time. You have been for some matter of time now. We'll try to be as generous as we can with the time. We know it's a very complicated case, but we do have another hearing at 3. So try to stay close. I'll try to be as generous as I can. Thank you, Your Honor. May it please the Court, Steve Flom for the Carl Foundation. Let me start by addressing the jurisdictional issue. And first by clarifying or clearing up, I think, some of the confusion that may have been engendered by the discussion about that. Mr. Grosser's position about jurisdiction is unequivocal. On page 3 of his brief, he states, quote, the appellate court has jurisdiction pursuant to Illinois Supreme Court Rule 304A. And you know what? He was right. It's also clear that the state defendants in the trial court expressly asserted that there would be jurisdiction under Rule 304A. Indeed, they urged the court to make the finding under Rule 304A, rather than the alternative that the county defendants were suggesting proceeding under Rule 308, because of what they termed the certainty, their word, certainty of appellate jurisdiction, and that this court would actually address the issues. Well, it's nice that everyone thought that at one time in the appellate court, or the trial court. But as you know, counsel, we have a burden to independently assess our jurisdiction. And I've heard some of the discussion. Mr. Elitz, why do we have under 304A jurisdiction here in this case? Very succinctly, Your Honor, because we have a separate cause of action here for declaratory relief in Count 2. Summary judgment was entered in favor of the Carl Foundation on Count 2. That is a separate claim for purposes of Rule 304A. The procedure that we followed in creating a Count 2 for declaratory relief regarding the applicability of Section 1586 was expressly intended to follow the Supreme Court's guidance that the Supreme Court provided to all of us in the Marriage of Best case. The Marriage of Best case made it clear that a claim for declaratory relief on an important threshold issue is a separate claim, and that a claim is one on which a decision on that declaratory claim alone can be appealed under Rule 304A. That's what the Marriage of Best case held. That's what we did. Indeed, this case is even a stronger case for appellate jurisdiction than the Marriage of Best case, because the Marriage of Best case involved was a marital dissolution action. There was not a separate, framed as a separate cause of action for declaratory relief. What was at issue in the declaratory judgment proceeding? The validity of a prenuptial agreement. But doesn't that then resolve all other pending matters? If you hold that that was valid, then all the other stuff goes away, doesn't it? No, Your Honor. It wouldn't resolve it, but it would certainly lay the groundwork. It would then become clearer that when the trial court has to divide the marital property, the arrangement that was specified in the prenuptial agreement provides the ground rules. It provides the basis on which that property would be divided. So the prenuptial agreement didn't decide the heart of the case, which was the marital dissolution action, which indeed was the only cause of action that was stated in the case. Nevertheless, the Supreme Court, distinguishing the Leopondo case that the, as Justice Turner noted, that the state defendants have relied on, distinguishing Leopondo, the Supreme Court ruled we've got, there is a jurisdiction under Rule 304A. So our case is even stronger because we've got a separate specified declaratory relief action in Section 2-701 of the Code of Civil Procedure in authorizing. But in the best case, we had actually three statutes in play. The declaratory judgment action, we had the Uniform Premarital Agreement Act, and we also had the Marriage and Dissolution of Marriage Act. We don't have that here. We've got the Code and we've got the declaratory action. Does that separate this case from what was said in the best? It doesn't, Your Honor, because, again, this section, the key is that here we do have Section 2-701, the declaratory judgment action, is expressly in play here. And Section 2-701 authorizes claims that are declaratory relief that terminates all or a part of a controversy, a part of a controversy. Okay, well, what's the statutory basis for the relief sought in Counts 3-34? And is that any different than what is sought in Count 2? Yes, Your Honor, it is. The relief sought in Count 2 provides the predicate for the relief that's sought in Counts 3-34. The predicate is that in deciding the entitlement to exemption under Section, well, in citing the entitlement to exemption, the court will apply Section 1586 of the Property Tax Code. In Counts 3-34, now in those counts, the court will actually look at the evidence that bears on whether or not the foundation satisfies the criteria in 1586. So it's a predicate for the relief that gets granted, just like in the marriage of testaments. So you agree that the trial judge, then, is it establishes the substantive law as to what proofs will be necessary for Counts 3-34? That's correct, Your Honor. And under Section 2-701 of the Code of Civil Procedure, it expressly authorizes declaratory relief claims for the construction of a statute. Under what? Say that again? It authorizes declaratory relief for the construction of a statute. What does? I didn't catch what you cited. Did you cite the Act itself? Yes, it's the Declaratory Relief Act, which is found in Section 2-701 of the Code of Civil Procedure. What specific language are you referring to that sets forth that principle? Because if you're correct, that would seem to be dispositive. It is dispositive, Your Honor. And the language construction of a statute is in Section 2-701 of the Code of Civil Procedure. It is in the Declaratory Relief Act. So the Declaratory Relief Act expressly contemplates exactly what we did here. When you construe a statute, rarely by itself is it going to determine whether or not, how you apply it in a given case. But it is saying we can construe statutes under the Declaratory Relief Act. Then there can be additional claims where we actually apply them. So that's what we've done here. And that's actually, as I said, that makes what we have done with a separate cause of action on which summary judgment was entered in a finding under Rule 304A. That is dispositive of jurisdiction. And that's why we followed the marriage of best case. This was a conscious decision on our part. You would not have opposed the 308 except you didn't have anything to appeal because you won. Is that right? Right. Exactly. Originally what happened was this issue was framed in cross motions for summary determination, a major issue. And we prevailed. And the trial court felt, I think just about everybody except for maybe some of the defendants felt, that interlocutory review would be useful in expediting the ultimate decision of the case. But no one on the other side was willing to move under Rule 308. So we, as Mr. Grosser said... So no one had any confidence in this court that we would exercise our prerogative by granting the 308 motion. I think it's more fair to say, Your Honor, that they didn't want the court to decide the issue of the applicability of 1586. They wanted to try to throw all of the issues in the case before this court at the same time, a lot of which will not have to be addressed as a result of this court's determination. Are you trying to confuse us then? Is that it? Well, I think, well, I wouldn't say confusion, but I think that would have been the result if not the intent. This is much cleaner and will provide a means on remand once this court determines that 1586 applies. It'll be relatively simple. We've had a lot of discovery in this case. It'll be relatively simple for the court to decide the foundation's entitlement to exemptions under 1586. As a practical matter here, in the facts of this case, and in particular given the large amount of charity care that the Carle Foundation provides, which dwarfs the value of the property tax exemption for most of the years in question, it's going to be pretty simple on remand. I don't want to take up all your time on jurisdiction, and I hope I don't. However, I must ask you this. In the best case, it seems to me that the Supreme Court looked at two different issues. What is needed in order to proceed for declaratory action? And even if it is permissible to proceed under the Declaratory Judgment Act, there is still a Section 304A question before a court of review can determine it has jurisdiction. Otherwise, why would it have been broken down into two different sections as it was? And if I'm right, doesn't that contradict your argument here today that you're basically saying a declaratory action was permissible, and therefore it's automatically reviewable? But couldn't we say, okay, the declaratory action was proper, but it's still not reviewable because the 304A rule doesn't fit? Not in this case, Your Honor. We don't mean to suggest that invariably in every instance in which there is a declaratory relief that there's necessarily jurisdiction under Rule 304A. But where there is a proper separate cause of action for declaratory relief, as there is here involving the construction of a statute, and where the declaratory relief would, as it does here and as it did in Marriage of Best, provide an important context for the decision of the remaining issues in the case, then there is, certainly in those circumstances at a minimum, there is jurisdiction under Rule 304A. So we fall under the Marriage of Best decision. Let me turn briefly, if I can, to the constitutional question, and then I hope I may have a minute or two left to talk about what I think is really the central issue before the court, which is the applicability of Section 1586 to the Carle Foundation's claims. In terms of the constitutional question, all that I really want to say, just to make it clear, again, the state defendants are basically saying pretty much what we're saying. They agree that this statute is facially constitutional. So do we. So do we. And it's facially constitutional because of the standard that gets applied in deciding the facial constitutionality of statutes. That's something that counsel for the township defendants hasn't really addressed and never really come to terms with. But the law is very clear. You have a very heavy burden in challenging the facial constitutionality of legislation. You have to show that there is no set of circumstances in which the challenged statute would be constitutional. No set of circumstances. Well, if I understand his argument, he's saying the statute, the Constitution requires that the property be used exclusively for charitable purposes. You're not even contesting that it is, are you? I'm sorry. I'm not sure that I followed. His argument is the Constitution requires that the property in question be used exclusively for charitable purposes. Correct. You aren't arguing that it is, are you? That what is? That the property is used? The property in question. Oh, absolutely we are. Oh, sure. We are contending that the Carl Foundation both satisfies the statutory criteria in Section 1586 and also satisfies the charitable use requirement in Article 9, Section 6 of the Constitution. That it's used exclusively for charitable purposes? Absolutely. Doesn't that mean it can't be used for purposes where you're earning money other than as a charity? The short answer is no. The more detailed answer about what is the appropriate test, constitutional test for charitable use, is a really interesting question. It's one that's not before this Court. I'm a simple guy when it comes to reading statutes and constitutions. It says it's used exclusively for charitable purposes. What's complicated about it? It would seem to me that if you have an entity that is charging people and earning money off of them, then it's probably not being used exclusively for charitable purposes. That's not what the case law says, Your Honor. Which case law? Well, the case law is a jumble. And frankly, this Court's decision in the Provena case, I think, does the best job of analyzing what is really the constitutional test for charitable use. Because what's happened, unfortunately, is especially after the Provena case, where we had a 3-2 plurality decision on the constitutional charitable use question, the precise meaning of the charitable use, of what constitutional charitable use is, is unclear. But you really don't have to get there in this case and shouldn't get there in this case, because that issue does not need to be decided in order to uphold the facial constitutionality of the statute. They cannot show that every instance in which a hospital would receive an exemption under 1586 would violate the Constitution. They don't even claim that. And we all know that there are instances in which hospitals have constitutionally received exemptions. There's plenty of cases dating back to 1907, cited in our brief, that do that. And so they would effectively have to show that every instance in which a hospital could constitutionally receive an exemption, they wouldn't be able to get one under 1586. Is the state constitutional provision back in the older cases the same language as in the 1970 Constitution? It is, Your Honor. It was unchanged in the case law before the current Constitution is still in place. So they can't show that they can't meet the no set of circumstances test. And in addition, what they're trying to do ignores the fact, as really Mr. Elitz pointed out, is that the case law is clear with a property tax exemption statute, and almost regardless of whether it purports to authorize an exemption under certain circumstances, it nevertheless has to be determined before an exemption is issued that the constitutional test is satisfied. We don't dispute that. The disagreement between the parties concerns precisely what the constitutional test is. That's a really interesting question that's for another day. For another day? It's not before us now? It's not, Your Honor, because it doesn't need to be decided in order to determine that the statute is spatially constitutional. As long as there is any circumstance in which it can be constitutionally applied, the statute is constitutional. So what will happen – Well, how about this as a fact? The Constitution says that you can't give a property tax exemption to property that's not being used exclusively for charitable purposes. Okay. So yes or no, does that apply? Is that the test? You know, when you talk about we have to look at all these examples and decide a spatial constitution, it seems to me that that's a standard that should be workable. It's the no set of circumstances test. Again, they have to show that every single time when an exemption gets issued under Section 1586 that would violate the Constitution, they haven't done that, they can't do that, and that's really the end of the facial constitutionality question. And everyone, the county defendants agree with that. That's what they argued in their brief. The state defendants agree with that. That's what they have acknowledged both here today and also in other litigation. So the only one who's up there tilting at the windmill on facial constitutionality would be the township defendants. They're wrong because they don't address the proper constitutional standard. What's gained by our saying, agreeing with you that the township hasn't established the facial unconstitutionality because it's got to be demonstrated in each case, but the exemption can't be constitutional. Okay. Well, then how about the particular cases? It seems to me, in other words, that we have a constitutional provision, and then for Carroll Hospital in Urbana, is this being used exclusively for charitable purposes? Isn't that the question? It will be the question on remand, Your Honor. Hasn't that been the question all along? It will be the question on remand. It's not the question before this court. And we don't know the answer to that question yet? Oh, the answer is it's constitutional as applied, easily, because among other reasons, the Carroll Foundation's charity care alone, no one disputes the charity care. But why is that? I'm glad you mentioned that. Why is that even an issue? Why does that count? Why does anyone care? That's as if reading the Constitution says that charity tax exemptions may be given for a property to the extent that they are being otherwise using or giving charitable care. But it doesn't say that. It says the property is being used exclusively for charitable purposes. And it's clear from the precedent that charity care is one form of the use of property for charitable purposes under Article IX, Section 6 of the Constitution. What about the exclusively adverb? Doesn't that mean anything? Well, the courts have interpreted that to mean primarily. And basically what that means, Your Honor. Primarily? English is my mother tongue, counsel. I don't understand how that worked. Well, I didn't... Exclusively says for no other purpose. Isn't that what it means? Well, that's not what the clear precedent from the Illinois Supreme Court has held. Is this a Queen of Hearts analysis, words being what I want them to mean, not what they say? Well, they're not my words, Your Honor. It's precedent that... Well, what do you think? I mean, does exclusively mean primarily to you? Exclusively means primarily as interpreted by the seven people a couple blocks away. So... Is that what they said in their last case? Exclusively means primarily? Yes. Yes. And in just about, I think, every case that has addressed Article IX, Section 6. I'm just out of step in my thinking here, huh? Getting old again. Rigidity. Rigidity. Do I have one minute to say something? I'm going to give you two more minutes because the defendant, if you want it, because I think the defendant's got at least two more minutes. Thank you, Your Honor. I appreciate it. Let me just end by saying this. The central question... Well, let me start it this way. The General Assembly expressly intended Section 1586 of the Property Tax Code to address what it termed the considerable uncertainty about the test for charitable property tax exemption. Considerable uncertainty that existed after the Supreme Court decision in the Provena case, which was, of course, the plurality decision that Justice Steigman referred to. The central question in this appeal, once we clear away this underbrush about jurisdiction and even the constitutionality issue, the central question in this appeal is whether the exemptions under Section 1586 can be obtained in lawsuits under Section 2325E or whether the only way you can get an exemption under Section 1586 is by following the administrative process under Section 15-5 of the Property Tax Code. It was six years ago, one week from today, that this Court issued its ruling establishing that Section 2325E constitutes one of the primary means of obtaining a property tax exemption when the applicant has previously obtained it on comparable grounds or subsequently obtains it on comparable grounds. The defendants are seeking, in this case, to carve out a giant exception to the Court's ruling in Carl Foundation I. They want to make Section 1586 the only exemption provision in the Property Tax Code where you can't go directly to court under Section 2325E. The Circuit Court was right in entering summary judgment on the Carl Foundation's declaratory relief claim that exemptions under Section 1586 can be obtained in lawsuits like this under Section 2325E. So that's the final judgment the Circuit Court entered within Rule 304? Exactly. Okay, go ahead. So the defendants' attempt to distinguish Section 1586 from all of the other exemptions is inconsistent with the statutory language. It's inconsistent with the commonplace use of the term application that they're relying on, a term that's not defined in the statute but that is commonly used to refer to court proceedings, including in the Property Tax Code. It's inconsistent with this Court's decision in the prior Carl Foundation case where in authorizing exemptions under Section 1565, there is another provision in 1565 that specifically talks about application that apparently wasn't important. It's inconsistent with the intent, maybe most importantly, the General Assembly's express intent of creating certainty in the law, of addressing this uncertainty after provena. And if we've got one standard in lawsuits under 2325E involving hospitals and another standard in the administrative process under 15-5, we'd be undermining the express legislative intent. So the Circuit Court got it right, and we would ask that the judgment below be affirmed. I think that's probably about two minutes, counsel. Thank you, Your Honor. Thank you, Your Honor. I appreciate it. I forgot who had rebuttal, but here we go. I have a person who missed a few minutes. I just have two short points. As a matter of law, there can be no constitutional application of this statute, so you don't have to get into looking at every possible conceivable situation. And second, the reason I was opposed to a Rule 308 appeal in the trial court in this case was because a certified question under Rule 308 ultimately is decided by the trial judge. He'll decide what it's going to be. We can tell him what we think. He'll decide what it's going to be. And I wasn't interested in that. A couple brief points, Your Honors, if I may. I'd like to direct the Court to a recent U.S. Supreme Court decision talking about as-applied challenges, Los Angeles v. Patel, 135, Supreme Court 2443. I'm happy to provide the Court with this decision. What did they say? It says that the traditional methods of looking at as-applied challenges are not as strict as perhaps counsel suggested. You're from the Department of Revenue here as counsel. Yes. What would you like to see us do and what answer would you like to have us reach? Your Honor, I disagree with counsel, of course. Which, now we've got a lot of counsel sitting here. Over here, over here. Section 1586 does not apply to this case. It does not apply because a hospital applicant is defined by the statute in Section B6 and B8. If you look at Section 86H, you'll see that hospital applicant is not what they are. They are plaintiffs. Okay? That's one reason. Another reason is that their whole case is untimely under Section 90 of, forgive me, the Cigarette Tax Act. Don't know why. But I don't know why it's called that. But if you read that language, you'll discover, as is all laid out in the county's brief, that they're not timely. They can't bring this cause of action in this case. I misunderstood your question about Leopondo. Leopondo is in my favor. The Supreme Court distinguished it in best. If you think Leopondo controls, there's no jurisdiction. And I'm sad about that, but that's what Leopondo says. I had a question about Eden. Eden was not a plurality decision. It was a full court decision. And forgive me, please, for not knowing that up front. The exclusively versus primarily dichotomy, he's correct in that? Correct. The Illinois Supreme Court has turned exclusively into primarily. He said something that really bothers me, and I want to make this point, too. He said there's been plenty of discovery in this case. I really disagree with that. We need to look in deciding what is primarily, whether there's been primary use, whether the hospitals, how they've been using this money. We haven't had the discovery we need to make that determination. That's one of the things that Judge Leonard seemed to be saying he wasn't going to give us, and that's one of the reasons we had to appeal. So you think we should reverse Judge Leonard? I do, very much. In doing that, say, 1586 doesn't apply because? For the reasons I said. Because it's not timely, because it doesn't apply to, they're not an applicant. Wait a minute. I thought you said we don't even have jurisdiction. I'm stepping into the hat of if that's the case, we do have jurisdiction. I have all sorts of very strong arguments, but I have to say, I had to do this because I have to do it. 3048 seems to say, and that's my last point, I promise. My reply brief on page 2 and page 3 talks about the Declaratory Judgment Act and how it doesn't apply to split-take claims, and there are cases there. I'd ask the Court to look at that. If we think it does, we should reverse. Yes. In saying what? There should be a remand because they have more claims than Section 1586? Remand because what? They're arguing that they have an exemption under 1586, and I believe under 1565 too. And that's in all the counts 3 through 34, correct? Right. It's before the new law went into effect. They want to make a claim that they have an exemption. That's fine. My argument is they can't use the new law. They have to use the old law because the new statute doesn't apply to them. So you don't think the General Assembly was responding to the Supreme Court when it passed the new law and then only intended that to? It goes to future cases. Future cases only in spite of the language in Section 90? No, the language in Section 90 says that the cases can go to 1586 if the department's case is on appeal, and their case is over. They've withdrawn their case. They withdrew their case when this Court six years ago sent it back and said, which one, appellate? Are you going to go to the administrative process or are you going to use the court process? What do you mean their case is over? I'm sorry. Their request for an exemption before the department, they waived that, and they decided to pursue court action. I see what you're saying. But their case isn't over, otherwise we wouldn't be here. No, but there should be a remand, and it should not be under the new statute. That's my bottom line. But if we found your 304A argument convincing, and it just dismisses appeal, what happens? We're going to have to go back to the circuit court, and we're going to have to find a way to bring it up properly. And I'm sorry about that. Counselors, thank you. So may we be. The case is submitted. The Court stands in recess.